# KAGEN & CASPERSEN PLLC
ATTORNEYS ADMITTED IN NEW YORK, NEW JERSEY AND CALIFORNIA

757 THIRD AVENUE, 20TH FLOOR
NEW YORK, NEW YORK 10017
(212) 880-2045
(646) 304-7879 (FACSIMILE)

June 10, 2019

By ECF Filing
Hon. Judge P. Kevin Castel
United States Courthouse – Courtroom 11D
500 Pearl Street
New York, New York 1007

Re:   *Fasulo v. Xtrade Digital Assets, Inc.* (Case No. 19-cv-03741 (PKC))

Dear Judge Castel:

I am counsel to Defendants in the above-referenced action and write pursuant to Individual Practice Rule 3(A) to set forth the factual and legal basis of an anticipated motion to strike certain allegations included in Plaintiffs' Complaint (Dkt. Nos. 1 & 4) and Amended Complaint (Dkt. No. 12).  **A preliminary conference in this case is scheduled before the Court on June 18, 2019 at 11:45 a.m.**

The Complaint and Amended Complaint (at ¶87) contain allegations relating to conduct and statements made by Defendants during compromise negotiations, including allegations relating to XTrade's potential defenses to Plaintiffs' claims.[1]  Plaintiffs' disclosure of these communications violate the terms of a Non-Disclosure Agreement (the "NDA") between the parties, a copy of which is appended hereto.  The NDA states in relevant part: "For purposes of this agreement, 'Confidential Information' shall mean any information communicated by XTrade to Investors in connection with their past or ongoing discussion of a potential settlement of Investors' claims, including without limitation . . . any communications relating to Investors' potential claims and/or XTrade's potential defenses thereto".

It is well-accepted that allegations in a pleading relating to conduct or statements made during compromise negotiations may be stricken pursuant to Rule 12(f).  *IP Cube Partners Co., Ltd. v. Telecommunication Systems, Inc.*, 2016 WL 3248500 at *4 (S.D.N.Y. 2016) (inclusion in a pleading of allegations relating to conduct or a statement made during compromise negotiations "may be stricken as immaterial and potentially prejudicial pursuant to Federal Rule of Civil Procedure 12(f).").  The same is true of allegations that disclose non-settlement-related information that a defendant provided to a plaintiff on a confidential basis if the information is "surplusage to the complaint".  *Wang v. Cooper Union School of Engineering*, 2002 WL 31681604 at *1 (S.D.N.Y. 2002).

---

[1] I do not quote the allegations at issue to avoid their further repetition in the public record and to lessen the administrative burden of removing the allegations from copies of the pleadings on the Court's ECF system, should such relief be granted.

Here, the allegations at issue are immaterial to Plaintiffs' claims, potentially prejudicial to Defendants, and inadmissible under Rule 408. And Plaintiffs' disclosure of that information is in direct violation of their obligations under the NDA.

By their anticipated motion, Defendants will request an order: (a) striking from Plaintiffs' pleadings the allegations contained in paragraph 87 relating to Defendants' conduct and/or statements made in compromise negotiations, and (ii) removing those allegations from copies of the pleadings maintained on the Court's ECF system.

Respectfully submitted,

Joel Taylor