UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

ANTHONY FASULO and GAUTAM DESAI,

                Plaintiffs,               Case No. 19-cv-03741 (PKC)

     vs.                           Civil Case Management
                                  Plan And Scheduling Order
XTRADE DIGITAL ASSETS INC., XTRADE DIGITAL
HOLDINGS, ALEXANDER KRAVETS, SERGII
GULKO, and JON GIACOBBE

                Defendants.
-----------------------------------------------------------------------X

     The parties have conferred as required by Rule 26(f)(1), Fed. R. Civ. P. This Civil Case
Management Plan (the "Plan") is submitted by the parties in accordance with Rule 26(f)(3) Fed.
R. Civ. P.

1.     All parties <u>do</u> <u>not</u> consent to conducting all further proceedings before a Magistrate Jude,
including motions and trial. 28 U.S.C. § 6363(c).

2.     This case [is __ / is not __] to be tried by a jury.

3.     Amended pleadings may not be filed and additional parties may not be joined except with
leave of the Court. Any motion to amend or to join additional parties shall be filed within
30 days from the date of this Order.

4.     Initial disclosures, pursuant to Rule 26(a)(1), Fed. R. Civ. P., were served on June 6,
2019.

5.     All fact discovery shall be completed by no later than 90 days from the filing of an
Answer by Defendants. All discovery is stayed during the pendency of Defendants'
anticipated motion to dismiss other than the parties' Rule 26(a)(1) disclosures, subject to
Plaintiffs' right to move, pursuant to 15 U.S.C. §78u–4(b)(3)(B), to have the stay lifted
on the ground that particularized discovery is necessary to preserve evidence or to
prevent undue prejudice to the party.

6.     The parties are to conduct discovery in accordance with the Federal Rules of Civil
Procedure and the Local Rules of the Southern District of New York. The following
interim deadlines may be extended by the written consent of all parties without
application to the Court, provided that all fact discovery is completed by the date set forth
in paragraph 5 above:

a.     Initial requests for production of documents to be served within 14 days of the filing of an Answer by Defendants, unless the Court orders otherwise on a motion made by Plaintiffs pursuant to 15 U.S.C. §78u–4(b)(3)(B);

b.     Interrogatories to be served within 14 days of the filing of an Answer by Defendants, unless the Court orders otherwise on a motion made by Plaintiffs pursuant to 15 U.S.C. §78u–4(b)(3)(B);

c.     Depositions to be completed within 75 days from the filing of an Answer by Defendants, unless the Court orders otherwise on a motion made by Plaintiffs pursuant to 15 U.S.C. §78u–4(b)(3)(B);

d.     Requests to Admit to be served within 90 days from the filing of an Answer by Defendants, unless the Court orders otherwise on a motion made by Plaintiffs pursuant to 15 U.S.C. §78u–4(b)(3)(B).

7.   a.     All expert discovery shall be completed no later than 135 days from the filing of an Answer by Defendants, unless the Court orders otherwise on a motion made by Plaintiffs pursuant to 15 U.S.C. §78u–4(b)(3)(B).

    b.     No later than 30 days prior to the date in paragraph 5, i.e. the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(a).

8.     All motions and applications shall be governed by the Court's Individual Practices, including pre-motion letter requirements. Pursuant to the authority of Rule 16(c)(2), Fed. R. Civ. P., any motion for summary judgment will be deemed untimely unless a request for a pre-motion relating thereto is submitted no later than 14 days after the date set by the Court for the close of fact discovery.

9.     All counsel must meet face-to-face for at least one hour to discuss settlement 14 days after the close of fact discovery.

10.   a.     Counsel for the parties have discussed an informal exchange of information in aid of an early settlement of this case have agreed to the following:

      The parties discussed but did not reach agreement on an informal exchange of information.

    b.     Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or

(iii) retention of a privately retained mediator.  Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

The District's Mediation Program

c.  Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph b, be employed at the following point in the case:

Within thirty (30) days from a decision on Defendants' anticipated motion to dismiss.

d.  The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11.  The Final Pretrial Submission Date is 30 days after the close of fact and expert discovery (whichever is later).  By the Final Pretrial Submission Date, the parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Practices and Rule 26(a)(3), Fed.R.Civ.P.  Any motion in limie shall be filed after the close of discovery but sufficiently before the Final Pretrial Submission Date to allow all briefing by all parties by the Final Pretrial Submission date; the pre-motion letter requirement is waived for any such motion.  If this action is to be tried before a jury, proposed voir dire, jury instructions and verdict form shall also be filed by the Final Pretrial Submission Date.  Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after the Final Pretrial Submission Date, unless they meet the standard of Rule 15(a)(2)(A), Fed. R. Civ. P.  If the action is to be tried to the Court, all "Final Pretrial Submissions (Non-Jury)" described in the Judge's Individual Practices (at ¶5) shall be filed by the Final Submission Date with the schedule for each party's submission to be agreed upon by the parties.

12.  Counsel for the parties have conferred and their present best estimate of the length of the trial is 10 days.

13.  The parties will enter into a Protective Order governing information exchanged in discovery.

------------------------------------------------------------------------------------------------------------

**TO BE COMPLETED BY THE COURT:**
The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Rule 16(b), Fed. R. Civ. P.

14.  [Other]

15.    The next Case Management Conference is scheduled for _____ at _____.


Dated: June 14, 2019
       New York, New York


                                        SO ORDERED:


                                        _____
                                        Hon. P. Kevin Castel
                                        United States District Judge


_____
Attorney for Plaintiff



_____
Attorney for Defendants