# KAGEN & CASPERSEN PLLC
ATTORNEYS ADMITTED IN NEW YORK, NEW JERSEY AND CALIFORNIA

757 THIRD AVENUE, 20TH FLOOR
NEW YORK, NEW YORK 10017
(212) 880-2045
(646) 304-7879 (FACSIMILE)

June 27, 2019

By ECF Filing
Hon. Judge P. Kevin Castel
United States Courthouse – Courtroom 11D
500 Pearl Street
New York, New York 1007

Re:   *Fasulo v. Xtrade Digital Assets, Inc.* (Case No. 19-cv-03741 (PKC))

Dear Judge Castel:

I am counsel for Defendants in the above-referenced action and write to request that the Court enter the attached proposed Civil Case Management Plan And Scheduling Order. The proposed Order has been executed by counsel for both parties. It was previously submitted to the Court in writing under cover of letter dated June 17, 2019 (Dkt. No. 19) and also in person at a June 18, 2019 initial pretrial conference, per the instructions contained in item 5 of the Court's Initial Pretrial Conference Order, dated April 30, 2019. (Dkt. No. 9). It appears that the proposed Order has not yet been entered by the Court. If that is the case, there is presently no Case Management Plan in place for this case.

Respectfully,

Joel M. Taylor

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ANTHONY FASULO and GAUTAM DESAI,

                Plaintiffs,

vs.

XTRADE DIGITAL ASSETS INC., XTRADE DIGITAL HOLDINGS, ALEXANDER KRAVETS, SERGII GULKO, and JON GIACOBBE

                Defendants.
-----------------------------------------------------------------X

Case No. 19-cv-03741 (PKC)

Civil Case Management Plan And Scheduling Order

      The parties have conferred as required by Rule 26(f)(1), Fed. R. Civ. P. This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Rule 26(f)(3) Fed. R. Civ. P.

1. All parties <u>do</u> <u>not</u> consent to conducting all further proceedings before a Magistrate Jude, including motions and trial. 28 U.S.C. § 6363(c).

2. This case [is ___ / is not ___] to be tried by a jury.

3. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within 30 days from the date of this Order.

4. Initial disclosures, pursuant to Rule 26(a)(1), Fed. R. Civ. P., were served on June 6, 2019.

5. All fact discovery shall be completed by no later than 90 days from the filing of an Answer by Defendants. All discovery is stayed during the pendency of Defendants' anticipated motion to dismiss other than the parties' Rule 26(a)(1) disclosures, subject to Plaintiffs' right to move, pursuant to 15 U.S.C. §78u–4(b)(3)(B), to have the stay lifted on the ground that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to the party.

6. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above:

      (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

      The District's Mediation Program

  c.  Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph b, be employed at the following point in the case:

      Within thirty (30) days from a decision on Defendants' anticipated motion to dismiss.

  d.  The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11. The Final Pretrial Submission Date is 30 days after the close of fact and expert discovery (whichever is later). By the Final Pretrial Submission Date, the parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Practices and Rule 26(a)(3), Fed.R.Civ.P. Any motion in limie shall be filed after the close of discovery but sufficiently before the Final Pretrial Submission Date to allow all briefing by all parties by the Final Pretrial Submission date; the pre-motion letter requirement is waived for any such motion. If this action is to be tried before a jury, proposed voir dire, jury instructions and verdict form shall also be filed by the Final Pretrial Submission Date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after the Final Pretrial Submission Date, unless they meet the standard of Rule 15(a)(2)(A), Fed. R. Civ. P. If the action is to be tried to the Court, all "Final Pretrial Submissions (Non-Jury)" described in the Judge's Individual Practices (at ¶5) shall be filed by the Final Submission Date with the schedule for each party's submission to be agreed upon by the parties.

12. Counsel for the parties have conferred and their present best estimate of the length of the trial is 10 days.

13. The parties will enter into a Protective Order governing information exchanged in discovery.

---

**TO BE COMPLETED BY THE COURT:**
The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Rule 16(b), Fed. R. Civ. P.

14.  [Other]