## KIRSH LLC

### ADMITTED IN NEW YORK

347 WEST 57ᵗ STREET 31A
NEW YORK NY 10019
212 586 7517

July 24, 2019

By ECF Filing
Hon. Judge P. Kevin Castel
United States Courthouse – Courtroom 11D
500 Pearl Street
New York, New York 10007

Re:     Fasulo v. Xtrade Digital Assets, Inc. (Case No. 19-CV-03741 (PKC))

Dear Judge Castel:

I am Counsel for the Plaintiffs in the above referenced case. Plaintiffs in this case, initiated contact with defendants demanding the return of their investment in Late February. Having failed to receive any return of funds, Plaintiffs were forced to file this suit on April 26th, 2019, nearly 3 months ago. In the interim, Counsel for defense has spent his time sending threatening letters to the Plaintiff Counsel, and now sends the letter, attached below, demanding Plaintiff's pay Defense Counsel fees for writing a motion to strike which was considered nearly frivolous and pointless by the court during our June 18, initial pretrial conference.

Since the beginning of this case, Defense counsel has repeatedly verbalized during phone conversations that this case would "take years" to resolve in court. Defense counsel has sought to delay and extend time for motions of substance repeatedly and has refused to provide reasons for why he is seeking delay. There are no conferences or schedules yet set for the future of the case.

The submission of the Second Amended Complaint was submitted on July 12, 2019. Defense counsel Emailed me repeatedly that day, indicating he'd reviewed the complaint and would discuss it with his client that day. He also requested Plaintiffs provide another two months of extensions for further time to respond. I immediately communicated that I believe that he had more than adequate time of 14 days as provided by FRCP, and the he had not provided any reason for prolonging his substantive response to the Original and Amended Complaints. I pointed out to him that the Plaintiffs are prejudiced by delay because, as explained in the Original and Amended Complaints, the Defendants are gambling with the funds provided by the Plaintiffs. Defense counsel has not responded. Furthermore, the case can likely be resolved quickly with discovery of just one key point of evidence, the "Qualified Opinion Letter" that the Defendants refuse to publicize. Defense Counsel replied to my request for him keeping to a reasonable timeline, with the letter attached below.
I respectfully ask the court to Keep defense counsel to the agreed upon FRCP requiring the defendant to provide his Motion to Dismiss or Answer. within the 14 days allotted time that has elapsed since July 12th, 2018.

Respectfully,

Zeev Kirsh

Case 1:19-cv-03741-PKC Document 26 Filed 07/24/19 Page 2 of 2

**KAGEN & CASPERSEN PLLC**
ATTORNEYS ADMITTED IN NEW YORK, NEW JERSEY AND CALIFORNIA

757 THIRD AVENUE, 20TH FLOOR
NEW YORK, NEW YORK 10017
(212) 880-2045
(646) 304-7879 (FACSIMILE)

July 22, 2019

By e-mail: zeev@zeev.org
Zeev Kirsh, Esq.
Kirsh LLC
347 West 57th Street, No. 31a
New York, NY 10019

Re: *Fasulo v. XTrade Digital Assets, Inc.* (Case No. 1:19 cv 3741 (KPC))

Mr. Kirsh:

I am counsel to defendants in the above referenced action and write regarding your clients' breach of their April 23, 2019 Non-Disclosure Agreement with defendants. As you are aware the NDA prohibits disclosure of any information communicated by defendants to your clients in connection with a potential settlement of your clients' claims. In direct violation of that agreement your clients caused such information to be publicly disclosed in their original and amended complaints filed in the above referenced action. By letter dated June 10, 2019, defendants requested leave of the court to make a motion striking the offending allegations. On June 18, 2019, the court entered an order directing your clients to amend their pleading to delete ay reference to settlement discussions.

Section 4 of the NDA provides that, in the event of a breach, defendants shall be entitled to an award of attorneys' fees incurred to enforce the NDA. To date, defendants have incurred attorneys' fees totaling $5,192.50 to enforce the NDA. Please arrange to have that amount paid to defendants by not later than July 29, 2019. Payment should be made by check in the name of Kagen & Caspersen PLLC and mailed to the attention of Stuart Kagen at Kagen & Caspersen PLLC, 757 Third Avenue, 20th Floor, New York, NY 10017.

Thank you for prompt attention to this matter.

Sincerely,

Joel Taylor