**KAGEN & CASPERSEN PLLC**
ATTORNEYS ADMITTED IN NEW YORK, NEW JERSEY AND CALIFORNIA

757 THIRD AVENUE, 20TH FLOOR
NEW YORK, NEW YORK 10017
(212) 880-2045
(646) 304-7879 (FACSIMILE)

July 26, 2019

By ECF Filing
Hon. Judge P. Kevin Castel
United States Courthouse – Courtroom 11D
500 Pearl Street
New York, New York 1007

   Re: *Fasulo v. Xtrade Digital Assets, Inc.* (Case No. 19-cv-03741 (PKC))

Dear Judge Castel:

  I am counsel for Defendants in the above-referenced action and write in response to a letter to the Court, dated July 24, 2019, submitted by Plaintiffs' counsel Zeev Kirsh. (Dkt. No. 26). **A preliminary conference is not presently scheduled in this action.**

  In his letter, Mr. Kirsh accuses Defendants of seeking to delay the filing of a response to Plaintiffs' twice amended complaint and of making an improper demand for reimbursement of certain attorneys' fees incurred by Defendants. Neither is true.

  Scheduling.
The amount of time that has elapsed since Plaintiffs commenced this action without Defendants filing a response is entirely the result of Plaintiffs' own actions. Here are the facts:

- Plaintiffs filed a Complaint on April 26, 2019. (Dkt. No. 1).

- On April 29, 2019, Plaintiffs requested and Defendants agreed to execute a Waiver of Service. (Dkt. No. 8). Under Rule 4(d)(3), this extended Defendants time to respond to the Complaint to June 28, 2019.

- On May 3, 2019, Plaintiffs filed an Amended Complaint. (Dkt. No. 12).

- On June 18, 2019, following an initial Pre-Trial Conference, this Court entered an order (i) directing Defendants to file a pre-motion letter on June 28, 2019, and (ii) permitting Plaintiffs to amend their pleading to address any arguments raised in the pre-motion letter by July 12, 2019. (Dkt. No. 20).

- On June 28, 2019, Defendants filed a pre-motion letter setting forth the basis on which they anticipated moving to dismiss the Amended Complaint. (Dkt. No. 23).

1

- On July 12, 2019, Plaintiffs elected to file a Second Amended Complaint ("SAC"). (Dkt. No. 25).

- On July 26, 2019, Defendants filed a pre-motion letter setting forth the basis on which they anticipate moving to dismiss the Second Amended Complaint. (Dkt. No. 28).

But for Plaintiffs' decisions to request a Waiver of Service and to twice amend their pleading, Defendants' response to the initial Complaint would have been due on May 17, 2019. Having taken those decisions, and attained the benefits of doing so, Plaintiffs are in no position to complain about the amount of time that has passed without a response from Defendants.

Under Individual Practice Rule 3(A)(iv) Plaintiffs have until August 1, 2019 to file a response to Defendants' July 26 pre-motion letter. In that response Plaintiffs are to indicate whether they intend to stand on their SAC or to seek leave to further amend their pleading. If Plaintiffs elect to stand on the SAC, Defendants respectfully request that the Court enter an order setting the following briefing schedule for Defendants' motion to dismiss: Defendants' moving papers to be filed by **August 22, 2019**; Plaintiffs' opposition papers to be filed on **September 12, 2019**; Defendants' reply papers to be filed on **September 26, 2019**.

The SAC is a very different pleading than the Amended Complaint. Among other things, (i) it does not include two previously pled causes of action, (ii) it asserts for the first time a violation of Section 5(c) of the Securities Act, and (iii) it alleges new theories of loss causation and liability under Section 10(b) of the Exchange Act. Reflecting the extent of these revisions, the SAC (42 pages in length) is twice as long as the Amended Complaint. Given the extent of the changes made to the pleading and the uncertainty as to whether Plaintiffs will again seek leave to further amend their pleading – giving counsel cause not to begin drafting motion papers – we think that this proposed schedule, and in particular the twenty-one day period in which to file opening motion papers, is entirely reasonable.

Attorneys' Fees

On April 23, 2019, Defendants entered into a Non-Disclosure Agreement with Plaintiffs wherein Plaintiffs agreed not to disclose any information communicated to them by Defendants during settlement discussions. In direct violation of that agreement, Plaintiffs included allegations disclosing information of that kind in their publicly filed Complaint and Amended Complaint. On June 10, 2019, Defendants filed a pre-motion letter setting out the basis for an anticipated motion to strike the violative allegations. (Dkt. No. 16). This Court heard argument on that anticipated motion at a June 18, 2019 Pre-Trial Conference and thereafter issued an Order instructing Plaintiffs to delete reference to the settlement discussions in an amended pleading. (Dkt. 20).

On July 22, 2019, I sent Mr. Kirsh a letter requesting reimbursement of approximately $5,000 of fees incurred by Defendants in connection with the motion to strike. The NDA clearly provides for a right to such relief. It states in relevant part:

> Investors acknowledge that money damages would be inadequate to compensate XTrade for any breach of this Agreement.

>Nevertheless, if such breach occurs, XTrade, along with this injunctive relief, shall be entitled to all other remedies provided for by the law, including, but not limited to, ***an award of damages and any attorneys' fees incurred by XTrade to enforce this agreement.*** (emphasis added)

Plaintiffs' deliberate publication of Defendants' confidential settlement communications is part of a pattern of improper conduct by Mr. Kirsh. On March 20, 2019, in an apparent attempt to encourage Defendants' prior counsel at Blakemore Fallon LLP to bring about a settlement favorable to his clients, Mr. Kirsh offered to give a portion of the contingency fee that he hopes to earn on this case to the Blakemore Fallon firm if Defendants agreed to pay a settlement demand made by Plaintiffs. Then, on March 29, 2019, Mr. Kirsh sent a text message to Defendant Alexander Kravets threatening to push him into involuntary bankruptcy and to publicly embarrass him if he did not pay Plaintiffs' settlement demands. Mr. Kirsh did so despite knowing that Mr. Kravets was represented by Blakemore Fallon, whom Mr. Kirsh divisively characterized in his email to Mr. Kravets as "luring you into litigation to make fees".

If Defendants do not reimburse the money demanded by July 29, 2019, as requested in my July 22 letter, we may at some point seek the Court's assistance in obtaining payment.

Respectfully submitted,

Joel M. Taylor