# KAGEN & CASPERSEN PLLC
ATTORNEYS ADMITTED IN NEW YORK, NEW JERSEY AND CALIFORNIA

757 THIRD AVENUE, 20TH FLOOR
NEW YORK, NEW YORK 10017
(212) 880-2045
(646) 304-7879 (FACSIMILE)

August 8, 2019

By ECF Filing
Hon. Judge P. Kevin Castel
United States Courthouse – Courtroom 11D
500 Pearl Street
New York, New York 1007

Re: *Fasulo v. Xtrade Digital Assets, Inc.* (Case No. 19-cv-03741 (PKC))

Dear Judge Castel:

I am counsel for Defendants in the above-referenced action and write to request permission to file a memorandum of law in support of Defendants' motion to dismiss Plaintiffs' Second Amended Complaint ("SAC") that is greater in length than the 25-page-limit specified in Individual Practice Rule 3(D). Per your July 29, 2019 Scheduling Order, Defendants' motion papers are due to be filed by August 22, 2019. (Dkt. No. 29). A preliminary conference is not presently scheduled in this action.

This request is based on the novelty, complexity and breadth of the allegations raised in the SAC, which asserts causes of action for: (a) violation of Section 10(b) of the Exchange Act (securities fraud); (b) violation of Section 5 of the Securities Act (sale of unregistered securities); (c) violations of Section 15 of the Securities Act and Section 20 of the Exchange Act (control person liability); and (d) common law fraud.

Preliminarily, the memorandum argues for dismissal of the SAC as a whole for lack of standing. Plaintiffs acted as "syndicators", purchasing the instruments at issue (digital tokens) on behalf of third parties. The court will likely be asked to resolve novel issues relating to the ownership of digital assets transferred on a blockchain, which is an electronic ledger of transactions between anonymous parties.

Next, the memorandum argues for dismissal of each of the federal securities law claims on the ground that the tokens at issue are not "securities". This contention will require the Court to determine, among other things, whether the tokens are "investment contracts" under the *Howey* test. Because digital tokens are a relatively new form of financial instrument with significant variations among them, and because application of the *Howey* test is a highly fact specific inquiry, precedent in this area is limited and still in its early development. This subject, which is important to an emerging new industry, warrants a full briefing.

---

**[Handwritten annotation by Judge:]**

Any particular reason that defendants have presented this request to the Court without first consulting with opposing counsel and reporting to the Court their response? Please respond by August 16.

Application DENIED without prejudice. The parties are cautioned that a Rule 12(b)(6) motion is limited to the four corners of the pleading.

SO ORDERED
/s/ [signature]
USDJ
8-9-19

Next, the memorandum seeks dismissal of Plaintiffs' Section 10(b) claim, which is based on not less than eight separate subjects as to which Defendants are alleged to have made false or misleading statements. As appears to be the Court's practice in opinions deciding Section 10(b) claims, the allegations relating to each of these subjects are addressed separately in the memorandum – a lengthy exercise. Many of the challenged statements concern Defendants' business model as an early stage start up blockchain technology company and that model's feasibility in an evolving regulatory environment. A fair portion of the memorandum is dedicated to elucidating these topics, including block quoting of text from offering documents that the SAC alleges is false or misleading. In short, the SAC is a kitchen sink complaint (41 pages in length) that, due to the novelty of the subject matter and incoherence in pleading, requires some unpacking to make clear the grounds on which the alleged bases of the Section 10(b) claim are deficient.

The SAC's remaining claims for control person liability, sale of unregistered securities, and common law fraud are straight forward and do not contribute to the need for additional page length.

I respectfully request leave to file an opening brief of 40 pages in length. I will commit myself to pairing out all unnecessary argument and editing to make concise those arguments that are presented.

Respectfully submitted,

Joel M. Taylor