1

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ANTHONY FASULO and
GAUTAM DESAI,

                                       Civil Action No. 1:19 cv 3741 (PKC)
                   Plaintiffs,

   v.

XTRADE DIGITAL ASSETS INC.,
XTRADE DIGITAL HOLDINGS,
ALEXANDER KRAVETS,
SERGII GULKO, and
JON GIACOBBE

                   Defendants.
-----------------------------------------------------------------x

*[Handwritten order: The Clerk is directed to strike Doc 15 pursuant to Rule 5(d)(1), Fed. R. Civ. P. Mr. Kirsh is cautioned to familiarize himself with the Federal Rules of Civil Procedure, the Local Civil Rules and the undersigned's Individual Practices. SO ORDERED. /s/ PKC, USDJ 8-9-19]*

**PLAINTIFF ANTHONY FASULO AND GAUTAM DESAI INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1) & 26(a)(2)**

Pursuant to Federal Rule of Civil Procedure 26(a)(1) and plaintiffs, through their undersigned counsel, make the following initial disclosures to the in the above-referenced lawsuits. These disclosures are based on information presently known and reasonably available to plaintiffs and they reasonably believe they may use in support of their claims. These disclosures are made without plaintiffs in any way waiving their right to object to any discovery request or proceeding involving or relating to the subject matter of these disclosures on any grounds, including competency, privilege, relevancy and materiality, hearsay, undue burden, confidentiality, or any other appropriate grounds. Furthermore, these disclosures are not an admission by Plaintiffs regarding any matter. Each and every disclosure set forth below is subject to the above qualifications and limitations.

2

1. **Individual Likely to Have Discoverable Information:** The following three individuals are likely to have discoverable factual information related to supporting the claims made by the Plaintiffs in this case. The individuals include the Plaintiffs themselves, Anthony Fasulo and Gautam Desai, as well as one other witness, an investor and Canadian based broker for the company's securities Benn Godenzi. Plaintiffs name's and addresses and are already available to the Defendants. Benn Godenzi is located at Benn@marketingblockchain.io 176 Cougar Point Road Canmore AB Canada T1W1A1

2. **Description of Documents**: The following enumerates documents, data compilations, and other tangible things in the electronic possession, control or custody of Plaintiffs, in their hard-drives and/or on their cloud backup electronic record systems that they may use to support their claims:

    a. Contracts for Investment into the Defendants unregistered securities.

    b. Communications with Xtrade and Xtrade's affiliated personnel who helped sell the securities to Plaintiffs, whether accomplished by email or other recorded electronic means such as but not limited to chatgroup telegram communications.

    c. Public marketing efforts of the company recorded and posted publicly online including, but not limited to, Xtrade's draft numbered prospectus ("the white papers"), Xtrade's Public Marketing Communications as made on internet platforms including but not limited to their website, Public records of Xtrade's investor solicitation and communication group messaging found primarily on the Telegram channel hosted by Xtrade (the Channel is still in operation).

3

    d. Emails and other materials sent directly to the plaintiffs via Xtrade.

3. **Computation of Damages:** The damages are a simple calculation based on a return of the amount invested by the Plaintiffs, upon which they have realized a total and complete loss as their investment is currently valued at less than 99.5% of the original value in approximately one year since the investment was made.

4. **Expert Witnesses 26(a)(2) Disclosure:** Richard A. Sanders is a forensic blockchain expert and has much experience in this area. He has provided his preliminary report which is included at bottom of the Plaintiffs Complaint and demand for rescission of their investment. His experience is profound in the area as he has worked with the FBI and numerous other agencies in helping identify fraudulent crypto-investments and to then track down locations to where crypto-funds have been misappropriated. His extensive background can be found in the complaint. Furthermore, he is not expected to be called again by the Plaintiffs as an expert witness in the case. He has been compensated a flat fee for his services in rendering his already established expert opinion on the matter in this case.

4

**CERTIFICATE OF SERVICE** This is to certify that the foregoing PLAINTIFF'S INITIAL

DISCLOSURES was electronically filed with the Clerk of Court using the CM/ECF system that

will automatically send email notification of such filing to the following attorney(s) of record:

JOEL TAYLOR & STUART KAGAN of Kagen and Caspersen PLLC.

New York, New York
Dated:  June 6, 2019

KIRSH LLC
Attorneys for Plaintiffs
/s/ Zeev Kirsh
By: Zeev Kirsh, Esq., #4597985
Kirsh LLC

347 West 57th Street 31a,
New York, NY 10019
212-586-7517