# KAGEN & CASPERSEN PLLC
ATTORNEYS ADMITTED IN NEW YORK, NEW JERSEY AND CALIFORNIA
757 THIRD AVENUE, 20TH FLOOR
NEW YORK, NEW YORK 10017
(212) 880-2045
(646) 304-7879 (FACSIMILE)

August 15, 2019

By ECF Filing
Hon. Judge P. Kevin Castel
United States Courthouse – Courtroom 11D
500 Pearl Street
New York, New York 1007

Re:   *Fasulo v. Xtrade Digital Assets, Inc.* (Case No. 19-cv-03741 (PKC))

Dear Judge Castel:

I am counsel for Defendants in the above-referenced action and write to renew my August 8 request for permission to file a memorandum of law in support of Defendants' motion to dismiss Plaintiffs' Second Amended Complaint that is greater in length than the 25-page-limit specified in Individual Practice Rule 3(D). (Dkt. No. 30) By Memo Endorsement dated August 9, 2019, you denied my August 8 request "without prejudice" and asked that I respond by August 16 to the following question: "Any particular reason that defendants have presented this request to the Court without first consulting with opposing counsel and reporting to the Court their response?" (Dkt. No. 31). A preliminary conference is not presently scheduled in this action.

On August 9, after receiving your Memo Endorsement, I sent an email to opposing counsel asking if he objected to my filing a 40 page opening brief. He did object and requested that the brief not exceed 25 pages. This morning, after much editing, I contacted counsel to request his consent to my filing a 35 page opening brief in exchange for my agreement that his brief in opposition to the motion may be up to 35 pages. He declined.

I did not consult with opposing counsel before making my initial request because (i) Rule 3(D) requires your Honor's permission to file a brief in excess of 25 pages whether or not opposing counsel consents, and (ii) your Individual Rules do not appear to require or recommend such a consultation before making a Rule 3(D) request.

In your Memo Endorsement you cautioned "that a Rule 12(b)(6) motion is limited to the four corners of the pleading." I am aware of that limitation and have been cognizant of it both in my drafting and in my estimation of the number of pages needed to present Defendants' arguments for dismissal. Thank you, though, for the word of caution.

For the reasons set forth in my August 8, 2019 letter, I respectfully request that the Court grant me permission to file a 35 page opening brief in support of Defendants' motion to dismiss.

Respectfully submitted,

Joel M. Taylor

---

The Court thanks Mr. Taylor for his thoughtful response. It seems it was the Court's fault that Mr. Taylor did not initially confer with opposing counsel on an extension of page limits: if the Court wished to have counsel speak to opposing counsel on any subject large or small, it should have said so in a rule or order. (Besides, I guess, it would have been better for Mr. Taylor if I had granted his request for extra pages and left opposing counsel to fend for himself.). Shame on me.

Reluctantly, the Court will grant each side up to 35 pages on their opening briefs.

SO ORDERED.
8//16/2019

P. Kevin Castel
United States District Judge